**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-4340**

─────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

MATTHEW WILLIAMS,

            Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:12-cr-00081-F-1)

─────────

Submitted: March 21, 2014          Decided: May 13, 2014

─────────

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Vacated and remanded by unpublished per curiam opinion.

─────────

James R. Hawes, THE EDMISTEN, WEBB & HAWES LAW FIRM, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Williams appeals the forty-two-month sentence imposed after he pled guilty, without a plea agreement, to one count of conspiracy to falsely make and counterfeit United States currency, in violation of 18 U.S.C. § 371 (2012), one count of counterfeiting United States currency and aiding and abetting, in violation of 18 U.S.C. §§ 471, 2 (2012), and one count of possession of counterfeit currency and aiding and abetting, in violation of 18 U.S.C. §§ 472, 2 (2012). On appeal, Williams argues that the district court erred in imposing an enhancement to his offense level for obstruction of justice pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2012), that the court erred in denying him a reduction in his offense level for acceptance of responsibility, and that the court erred in failing to adequately explain either its rejection of his objections to the presentence investigation report ("PSR"), or its determination of his sentence. We vacate and remand for further proceedings.

This court reviews a sentence for procedural and substantive reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In evaluating procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for

2

an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence supported by the record, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. If there are no significant procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal citation and footnote omitted)). When the district court imposes a within-Guidelines sentence, "it may provide a less extensive, while still individualized explanation." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009). Nonetheless, the sentencing court must apply the relevant § 3553(a) factors to the particular facts presented, and it must "state in open court" the

particular reasons that support its chosen sentence. <u>Carter</u>, 564 F.3d at 328 (quoting 18 U.S.C. § 3553(c)).

We conclude that the district court abused its discretion in sentencing Williams because it failed to adequately explain in open court its sentencing determination. Specifically, the district court failed to conduct an individualized application of the § 3553(a) factors. The district court's explanation of Williams's sentence—which mentions, but never assesses any of the § 3553(a) factors—does not "provide a rationale tailored to the particular case at hand[.]" <u>Id.</u> at 330. Rather, the district court's explanation "could apply to <u>any</u> sentence, regardless of the offense, the defendant's personal background, or the defendant's criminal history." <u>Id.</u> at 329. We thus conclude that the district court procedurally erred in failing to provide an individually tailored explanation, and we cannot effectively review Williams's sentence.

Accordingly, we vacate Williams's sentence and remand for resentencing. At resentencing, the district court need not revisit its Guidelines calculations, which were correct. However, the district court must entertain Williams's arguments for a sentence below the Guidelines range, apply the relevant § 3553(a) factors to the facts of Williams's case, and state with

particularity its reasoning behind its chosen sentence.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*] Because we vacate and remand for procedural unreasonableness, we express no opinion regarding the substantive reasonableness of the forty-two-month sentence. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) ("If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence[.]" (quotation mark omitted)).

5